UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ILSI NATALIA MEJIA PARADA,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-01564-DAD-JDP

ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On February 24, 2026, petitioner Ilsi Natalia Mejia Parada filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting her immediate release and an order enjoining respondents from re-detaining her without first providing a pre-detention hearing before a neutral adjudicator where respondents would bear the burden to demonstrate that she is a danger to the community or a flight risk. (Doc. No. 2.) Also on February 24, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Dec. 9, 2025), where the court

concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release on parole. (Doc. No. 4.)

On February 25, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 7.) Respondents concede therein that there does not appear to be any substantive distinctions between this case and *Rocha Chavarria*. (*Id.* at 1.) Rather, respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), a view that the undersigned has consistently rejected. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *3 (E.D. Cal. Feb. 12, 2026). Respondents also state in their opposition that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction. (Doc. No. 7 at 2.) Moreover, respondents suggest that the court enter a final judgment "granting the petition for writ of habeas corpus on the merits" should the court desire to grant a preliminary injunction. (*Id.*)

In support of her petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Petitioner entered the United States on July 27, 2024, was detained by immigration authorities, and released by those authorities on parole into the United States (Doc. No. 1 at ¶¶ 19–21.) Petitioner was re-detained by ICE on January 19, 2026. (*Id.* at ¶ 22.)

Because respondents have conceded that this case is not substantively distinct from that addressed in the court's prior order in *Ayala Cajina*, the court incorporates and adopts the reasoning set forth in that order and finds that petitioner's continued detention violates due process.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody with the same conditions she was subject to immediately prior to her re-detention on January 19, 2026;

/////

b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petition notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order; and

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **February 27, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE